<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4137**
_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

JOEL ADOLFO BORJAS-HERNANDEZ, a/k/a Jose Hernandez Salazar, a/k/a Carlos,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, District Judge.  (3:09-cr-00163-1)

_____

Submitted:  October 5, 2011         Decided:  October 25, 2011

_____

Before NIEMEYER, AGEE, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph R. Conte, LAW OFFICES OF J. R. CONTE, P.L.L.C., Washington, D.C., for Appellant.   R. Booth Goodwin, II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Adolfo Borjas-Hernandez pleaded guilty to an information charging him with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Borjas-Hernandez to 292 months of imprisonment and he now appeals. Finding no error, we affirm.

Borjas-Hernandez argues on appeal that the sentence imposed by the district court is both procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. Finally, we then "consider the substantive reasonableness of the sentence imposed." Id. We presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see

2

<u>Rita v. United States</u>, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within—Guidelines sentence).

Borjas-Hernandez first argues that the district court erred in calculating the advisory Guidelines range. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." <u>United States v. Manigan</u>, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks, citation, and alteration omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." <u>Id.</u> at 631 (internal quotation marks and citation omitted).

Under the Sentencing Guidelines, the base offense level applicable to the offense of conviction is thirty-eight, if "death or serious bodily injury resulted from the use of the substance." See <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2D1.1(a)(2) (2010). In addition, a defendant is subject to a four-level enhancement in the offense level if the defendant was an organizer or leader of a criminal organization that involved five or more participants, or was otherwise extensive. See USSG § 3B1.1(a). In determining whether this enhancement applies, a district court must consider

> [1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5] the degree of participation in planning or organizing the offense, [6] the nature and scope of the illegal activity, and [7] the degree of control and authority exercised over others.

United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009) (quoting USSG § 3B1.1 cmt. n.4). The district court must find the enhancement applies by a preponderance of the evidence. See United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010). We have thoroughly reviewed the record and conclude that the district court did not err in calculating the advisory Guidelines range.

Borjas-Hernandez next argues that the sentence is substantively unreasonable because his codefendants received lesser sentences than he did and because he did not have any criminal history prior to this conviction. However, we conclude that Borjas-Hernandez has failed to overcome the presumption we apply to his within-Guidelines sentence. As the district court correctly concluded, Borjas-Hernandez was in a different position than his codefendants and, although he did not have a criminal history, he had previously been deported at least twice, thus demonstrating significant disrespect for the law.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED